# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN L. SHEHEE,

        Plaintiff,    :    Case No. 3:21-cv-274

                          Montgomery County Common Pleas
                          Case No. 2021-cv-03582

                          District Judge Walter H. Rice
- vs -                          Magistrate Judge Michael R. Merz

KINGS FURNITURE, et al.,

        Defendants.    :

## REPORT AND RECOMMENDATION

Plaintiff Kevin Shehee filed this action *pro se* in the Common Pleas Court of Montgomery County, Ohio, on August 31, 2021, against Defendants Kings Furniture; JAM and MASH Investment, Inc.; Synchrony Bank; and CT Corporation System (ECF No. 1-2, PageID 9, 12). On September 30, 2021, Defendant Synchrony Bank removed the case to this Court (ECF No. 1).

On October 5, 2021, Plaintiff objected that the removal was untimely and this Court lacked jurisdiction because Synchrony Bank had not obtained the unanimous consent to removal of all the Defendants (ECF No. 8).

28 U.S.C. § 1446, entitled "Procedure for Removal of Civil Actions," provides:

    (a) Generally.—

1

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements;

Generally.—

(1)
The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
(2)
    (A)
    When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

    (B)
    Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

    (C)
    If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3)

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**Timeliness of Removal**

The time within which a Notice of Removal must be filed runs for thirty days from the date of receipt by the removing defendant of the initial pleading making the case removable.  § 1446(b)(1).  Synchrony Bank avers that it first received the Complaint September 7, 2021 (Notice of Removal, ECF No. 1, PageID 1, evidenced by ECF No. 1-3, PageID 19).  This document is a service of process transmittal from CT Corporation System to Synchrony Financial showing service "By Regular Mail on 09/07/2021 postmarked on 09/01/2021." *Id.*

In support of his claim of untimely removal, Plaintiff asserts "The plaintiff properly served all defendants, to include defendant Synchrony Bank on August 31, 2021." (Objection to Removal, ECF No. 8, PageID 63).  Plaintiff provides no proof of this assertion and the Magistrate Judge's examination of the docket in the Common Pleas case[1] does not corroborate this claim.  Synchrony Bank claims it was served on September 7, 2021, and Plaintiff provides no contrary evidence.  Note that the thirty-day time limit on removal runs from receipt of the relevant pleading.

Based on the evidence before the Court, the Magistrate Judge concludes the Notice of Removal was timely when filed September 30, 2021.  Plaintiff's objection to removal on the basis of timeliness should be overruled.

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 (E.D. Mich. 2004).

**Unanimity of Consent**

Synchrony asserts this Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff has pled a claim under the Fair Debt Collection Act, 15 U.S.C. § 1692 (the "FDCPA")(Notice of Removal, ECF No. 1, PageID 3).  Plaintiff does not deny that his claim under the FDCPA arises under federal law and this Court therefore has jurisdiction under 28 U.S.C. § 1331.  Instead, he asserts Synchrony has not obtained the consent of the other Defendants.

As authority for this unanimity rule, Plaintiff relies on *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999).  The removal in *Brierly* was based on asserted diversity of citizenship over which district courts have jurisdiction under 28 U.S.C. § 1332.  Plaintiff also relies on *Loftis v. United Parcel Service, Inc.,* 342 F. 3d 509 (6th Cir. 2003), which applied the rule of unanimity in a case "arising under" federal law.  Congress has codified the unanimity rule by providing that it applies to cases removed "solely under section 1441(a)," which includes this case.

Synchrony Bank responds to Plaintiff's unanimity argument by noting that it only applies to "all defendants who have been properly joined and served . . ." (ECF No. 9).  In fact, Synchrony argues, no Defendants have been properly served because the regular mail service relied upon by Plaintiff is not authorized by Ohio law.

In his Motion to Resolve Court's Jurisdiction, Plaintiff admits

> The Defendant Synchrony through counsel, asks this Honorable court to disregard the strict compliance of the removal process and statutory requirements as mandated by the U. S. Supreme Court and this Circuit precedence [sic] based on the erroneous presentation the plaintiff failed to serve the named defendants. This is simply untrue. The plaintiff did serve the named defendants by regular U.S Mail, but not by certification of mail or other commercial forms of services that would have trigger a statutory timetable to respond.

> However, just as Defendant Synchrony voluntarily waived the statutory service requirement, so could have the other named defendants. At the appropriate time, the plaintiff intends on reservicing other named defendants in accordance with statutory requirements that mandate a timeline to answer.

(ECF No. 17), PageID 112-13).

This admission is fatal to Plaintiff's unanimity argument. The requirement applies only to parties who have been properly served. Ohio R. Civ. P. 4.1 does not authorize service of process by regular mail. Therefore Defendants who have been "served" only by regular mail[2] have not been "properly served" within the meaning of the statute.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes Plaintiff's objections to removal should be OVERRULED.

March 30, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a

---

[2] Plaintiff does not explain what he means when he claims he made service by regular mail on the date of filing. Did he mail the summons and complaint himself or did he ask the Clerk of Courts to do that? What proof of receipt does he have?

5

memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #