# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN L. SHEHEE,

            Plaintiff,    :    Case No. 3:21-cv-274

                                      Montgomery County Common Pleas
                                      Case No. 2021-cv-03582

                                      District Judge Walter H. Rice
- vs -                              Magistrate Judge Michael R. Merz

KINGS FURNITURE, et al.,

            Defendants.    :

## DECISION AND ORDER DENYING DISQUALIFICATION OF DEFENSE COUNSEL

      This civil action, brought *pro se* by Plaintiff Keven Shehee, is before the Court on Plaintiff's Motion to Resolve Attorney-Client Conflict, filed November 22, 2021 (ECF No. 16). As the Court reads that Motion, it asserts that Attorney Michael Columbus, who has entered an appearance in this case as co-counsel for Defendant Synchrony Bank (ECF No. 14) is prevented by a conflict of interest from appearing as counsel for any of the Defendants in this case.

      Attorney Columbus has responded, disclaiming any prior attorney-client relationship with Plaintiff (ECF No. 18). Plaintiff has filed a Reply in Support of what amounts to a motion to disqualify Attorney Columbus and adds a claim that the Carpenter, Lipps law firm, with which Synchrony Bank's trial attorney is affiliated is also disqualified ECF No. 19).

1

The standard for disqualifying an attorney in federal litigation was summarized by Judge Rice, to whom this case is assigned, in *Dynasty Apparel Indus. v. Rentz*, 206 F.R.D. 596, 599 (S.D. Ohio 2001):

> A motion to disqualify is the proper method for a party-litigant to bring an issue of conflict of interest or the breach of an ethical duty to the court's attention. *Musicus v. Westinghouse Elec. Corp.,* 621 F.2d 742, 744 (5th Cir. 1980). Confronted with such a motion, courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice. *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D.Ohio 1991). In order to resolve these competing interests, the courts must balance the interests of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982).
>
> The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Kitchen*, 769 F. Supp. at 256 (quoting *Ex Parte Burr,* 9 Wheat. 529, 22 U.S. 529, 531, 6 L. Ed. 152 (1824)). However, "the ability to deny one's opponent the services of his chosen counsel is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982).

*Id.* at 599, *quoting Hamrick v. Union Township*, 81 F. Supp. 2d 876, 878 (S.D.Ohio 2000)(Spiegel, J.).

The actual test for disqualification is found in Sixth Circuit law:

> A three-part test for disqualification exists: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney

> acquired confidential information from the party seeking disqualification.

*Dana Corp. v. Blue Cross & Blue Shield Mut.,* 900 F.2d 882, 889 (6th Cir. 1990), *citing City of Cleveland v. Cleveland Electric Illuminating*, 440 F. Supp. 193, 207 (N.D.Ohio 1976), *aff'd*, 573 F.2d 1310 (6th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978).

Applying this test, the Court finds that Attorney Columbus previously represented Plaintiff in the Dayton Municipal Court in an unrelated matter. However, he never was retained by Plaintiff to provide representation in this matter. Plaintiff may have conveyed information to Attorney Columbus in preparation for a possible request for representation, but Plaintiff has not shown that any of the information conveyed was confidential; indeed, it appears in motion papers filed in this case. Attorney Columbus is therefore not disqualified from appearing as counsel in this case for Defendant Synchrony Bank. Moreover, because he is not affiliated with the Carpenter, Lipps firm, any disqualification to which he might be subject would not be imputed to the firm.

Plaintiff's motions for disqualification of Michael Columbus and the Carpenter, Lipps law firm is DENIED.

March 31, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge