# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN L. SHEHEE,

              Plaintiff,      :      Case No. 3:21-cv-274

                                    Montgomery County Common Pleas
                                    Case No. 2021-cv-03582

                                    District Judge Walter H. Rice
-  vs  -                            Magistrate Judge Michael R. Merz

KINGS FURNITURE, et al.,

              Defendants.      :

## ORDER DISMISSING FAIR DEBT COLLECTION PRACTICES CLAIM; SUPPLEMENTAL REPORT AND RECOMMENDATION

      This civil action, brought *pro se* by Plaintiff Kevin Shehee, is before the Court on Plaintiff's Objections (ECF No. 30) to the Magistrate Judge's Decision and Order Denying Disqualification of Defense Counsel (ECF No. 26); Plaintiff's Objections (ECF No. 31) to the Magistrate Judge's Report and Recommendations recommending Plaintiff's objections to removal be overruled (ECF No. 23); and Plaintiff's Objections (ECF No. 32) to the Magistrate Judge's Report and Recommendations recommending the case be dismissed for lack of service of process (ECF No. 29). District Judge Rice has recommitted each of these Reports for reconsideration in light of the Objections (Recommittal Order, ECF No. 33).

1

**Removal Jurisdiction**

Plaintiff objected to removal of this case from the Montgomery County Court of Common Pleas on the grounds that removal was untimely and not unanimous (Objection to Removal, ECF No. 8).  In the Report and Recommendation of March 30, 2022, the Magistrate Judge recommended these objections be overruled because (1) the Notice of Removal was filed within thirty days of the receipt by Synchrony Bank of the Complaint and the rule requiring unanimity of consent to removal only applied to defendants properly served, which none had been (ECF No. 23).

In his Objections, Plaintiff does not dispute that Synchrony Bank removed within thirty days of receipt of the Complaint.  Instead, he admits that service on Synchrony was not perfected as required by Ohio R. Civ. P. 4.7 (Objections, ECF No. 31, PageID 187).  From that fact he infers that Synchrony lacked standing to remove. *Id.*

This argument confuses federal and state law.  Under 28 U.S.C. § 1446(b), the notice of removal must be filed "within thirty days after receipt by the defendant, by service or otherwise . . ."  In this case Synchrony received the complaint from CT Systems and not be proper service under the Ohio Rules.  The Notice of Removal was timely under that statute.  The power to remove is dependent on notice of the complaint, not compliance with state service of process rules.

Plaintiff also objects that the Magistrate Judge erred by "fail[ing] to address the plaintiffs motion un-opposing the defendant's request for dismissal of all the federal claim under the Fair Debt Collection Act." (Objections, ECF No. 31, PageID 186).  The Magistrate Judge apologizes for misreading Plaintiff's papers in this way.  Plaintiff did in fact state "plaintiff has agreed to dismiss the federal question relevant to the removal request of Defendant Synchrony." (ECF No.

2

17, PageID 114).  In a prior filing captioned Motion Unopposing Defendant's Motion To Dismiss Federal Base[D] Claim, Plaintiff did say he did not oppose dismissal of the FDCPA claim, asserting he had added it to his state court complaint inadvertently and intended to drop it (ECF No. 13, PageID 99).  The language "Motion Unopposing" is unusual in federal practice and its meaning unclear.  Now that it is clear, the requested amendment should be granted.  As master of his own pleading, Plaintiff has the right to decide on which claims he will proceed.  Plaintiff's Motion Unopposing," insofar as it seeks dismissal of the FDCPA claim, is GRANTED.

This does not, however, have the effect of making remand mandatory as Plaintiff asserts.  Under the Federal Jurisdiction and Venue Clarification Act of 2011 as codified by 28 U.S.C. § 1441(c), when a complaint contains a claim removable under 28 U.S.C. § 1331 (i.e., a claim arising under federal law) and "a claim not within the original or supplemental jurisdiction of the district court", the court is required upon removal to sever and remand all claims not within the original or supplemental jurisdiction.  Supplemental jurisdiction is governed by 28 U.S.C. § 1367 and permits federal courts to hear state law claims which are part of the same case or controversy as the original jurisdiction claims.

The parties have not briefed the question of supplemental jurisdiction and it would be inappropriate to decide that question without obtaining their perspective.  Accordingly, if Plaintiff continues to seek remand of his state law claims for relief, he shall file a motion to remand not later than May 16, 2022, addressing whether his state law claims against Synchrony Bank are within this Court's supplemental jurisdiction under m28 U.S.C. § 1367.

**Lack of Service of Process**

The Magistrate Judge has also recommended that Plaintiff's Complaint against Synchrony Bank be dismissed without prejudice for lack of service of process (ECF No. 29, PageID 181). Although Plaintiff's Objections at ECF No. 32 purport to be directed to the Report in which lack of service dismissal is recommended, in fact Plaintiff says nothing on that subject at all.

This case was filed in the Common Pleas Court of Montgomery County, Ohio, on August 31, 2021 (ECF No. 1-2, PageID 9). Process from that Court has never been properly served on Synchrony Bank. Although the bank has been actively litigating this case, it has not waived its lack of service or personal jurisdiction defenses. To all appearances, Plaintiff has done nothing to properly complete service. The case is approaching an age at which the Court would *sua sponte* consider dismissal for want of prosecution.

Because he has not obtained service of process, Plaintiff's claims against Synchrony Bank should be dismissed without prejudice on that basis.

**Disqualification of Counsel**

Because this issue may involve sensitive issues about attorney-client privilege which may require factual development, the Magistrate Judge recommends postponing this issue until it is determined whether the case will be litigated in this Court.

May 1, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.