IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEVIN L. SHEHEE,

      Plaintiff,  :  Case No. 3:21-cv-274

              Montgomery County Common Pleas
              Case No. 2021-cv-03582

              District Judge Walter H. Rice
 - vs -           Magistrate Judge Michael R. Merz

KINGS FURNITURE, et al.,

      Defendants.  :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

   This civil action, brought *pro se* by Plaintiff Kevin Shehee, is before the Court on Plaintiff's Motion for an Extension of Time to Obtain Service of Process (ECF No. 35) and Motion to Remand to State Court (ECF No. 36). Defendant opposes both motions (ECF No. 37, 38).

   On May 2, 2022, the Magistrate Judge dismissed the sole federal claim in the case which was made under the Fair Debt Collection Practices Act (ECF No. 34). This was done at Plaintiff's request because he apparently believed dismissing the federal claim which made removal proper would then require remand. The Court found that was not so and that it could continue to exercise supplemental jurisdiction over the remaining state law claims if they met the requirements of 28 U.S.C. § 1367. Because that issue had not been briefed, the Court invited the parties to address it.

1

The Magistrate Judge had previously recommended that the case be dismissed without prejudice for lack of service of process on Synchrony Bank. That recommendation was recommitted to the Magistrate Judge but then reiterated in the May 2, 2022, Supplemental Report.

In response, Plaintiff again moved to remand but says nothing about supplemental jurisdiction, but asks for an additional sixty days to obtain service (ECF No. 36, PageID 202). In his companion motion, he asks for the same relief, claiming the failure to effect service to date is not his fault.

Fed.R.Civ.P. 4(m) provides that a complaint is to be dismissed without prejudice if service is not complete within ninety days of filing the complaint. This case was filed in the Common Pleas Court of Montgomery County on August 31, 2021, 290 days ago as of the date of this Report. Plaintiff has not shown good cause for the delay of more than three times the presumptive limit of ninety days. In fact, he appears to blame the delay on the parties' jousting over jurisdiction, which is irrelevant; service must be obtained regardless of the court in which the case proceeds. Due Process of law requires that the Plaintiff obtain service of process. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

The Magistrate Judge believes that the claims left in the Complaint are within the supplemental jurisdiction of this Court because they are part of the same case or controversy with the now-dismissed FDCPA claim. Nonetheless the Magistrate Judge recommends again that the Complaint be dismissed without prejudice for failure to obtain service. Plaintiff has provided no account of what he has done to obtain service so far, leaving the Court with no confidence he will obtain service if given yet another extension of time.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

June 17, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge