IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN SHEHEE, :

    Plaintiff, :

  v. :   Case No. 3:21-cv-274

KINGS FURNITURE, *et al.*, :   JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #23) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #34); OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS THERETO (DOC. #31); REJECTING REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS (DOC. #29) AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #39); OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS THERETO (DOCS. ##32, 40); OVERRULING DEFENDANT SYNCHRONY BANK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. #11); SUSTAINING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT (DOC. #35); GRANTING PLAINTIFF 60 DAYS TO PERFECT SERVICE; SUSTAINING PLAINTIFF'S MOTION TO REMAND (DOC. #36); REMANDING CASE TO MONTGOMERY COUNTY COURT OF COMMON PLEAS; RESERVING RULING ON PLAINTIFF'S OBJECTIONS TO DECISION AND ORDER DENYING DISQUALIFICATION OF DEFENDANT'S COUNSEL (DOC. #30); TERMINATION ENTRY

---

*Pro se* Plaintiff Kevin Shehee filed suit in the Montgomery County Court of Common Pleas after Kings Furniture failed to satisfactorily resolve a dispute concerning a couch he had purchased, and his credit card company refused to

resolve the dispute in his favor. Defendants include Kings Furniture, JAM & MASH Investment, Inc., Synchrony Bank, CT Corporation System and the Better Business Bureau. Along with numerous state law claims, Plaintiff brought a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

Plaintiff failed to obtain proper service on any of the Defendants. Nevertheless, Synchrony Bank received notice of the lawsuit and removed the case to federal court based on federal question jurisdiction. It then filed a motion to dismiss the Amended Complaint for lack of personal jurisdiction, insufficient service of process and failure to state a claim upon which relief may be granted. Doc. #11. Plaintiff objected to the removal and filed a motion to disqualify counsel for Synchrony Bank, Doc. #16. He later dismissed his one federal claim and filed a motion to remand, Doc. #36. He also requested an additional 60 days to effect service of process, Doc. #35.

United States Magistrate Judge Michael R. Merz issued two Reports and Recommendations, Docs. ##23, 29, a Supplemental Report and Recommendations, Doc. #34, and a Second Supplemental Report and Recommendations, Doc. #39, addressing these issues. He recommended that the Court overrule Plaintiff's objections to removal, dismiss the Amended Complaint without prejudice for lack of service of process, postpone a ruling with respect to disqualification of counsel, and overrule Plaintiff's motion for an extension of time to effect service of process. This matter is currently before the Court on Plaintiff's

Objections to those judicial filings, Docs. ##31, 32, 40. The Court has conducted a thorough *de novo* review of the Court's file and the applicable law.

### *Propriety of Removal*

Based on the reasoning and citations of authority set forth in the Report and Recommendations, Doc. #23, and Supplemental Report and Recommendations, Doc. #34, the Court ADOPTS said judicial filings with respect to the finding that Defendant Synchrony Bank properly removed this case to federal court.

To the extent that Plaintiff argues that Synchrony Bank, which had not yet been properly served, lacked standing to remove the case to federal court, the Court OVERRULES Plaintiff's Objections. *See* Docs. ##31, 32. As Magistrate Judge Merz explained, "[t]he power to remove is dependent on notice of the complaint, not compliance with state service of process rules." Doc. #34, PageID#194. It is therefore irrelevant that Synchrony Bank had not yet been properly served when it filed the Notice of Removal.

### *Motion to Dismiss for Lack of Service of Process*

Defendant Synchrony moved to dismiss the Amended Complaint, in part, for insufficient service of process. Doc. #11. In his Report and Recommendation, Doc. #29, Magistrate Judge Merz recommended that the Court sustain the motion on that basis and dismiss the case without prejudice.

3

For the reasons explained below, the Court REJECTS that judicial filing. It is true that Plaintiff failed to obtain proper service over any of the Defendants within 90 days after filing the Complaint.[1] *See* Fed. R. Civ. P. 4(m). It is also true that Plaintiff has failed to establish good cause for failing to do so. The Court therefore may either dismiss the case without prejudice (as recommended by Magistrate Judge Merz) or order that service be made within a specified time. *Id.* Plaintiff has requested an additional 60 days to perfect service. Doc. #35.

Factors to be considered in determining whether to grant an extension of time include:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.,* would the plaintiff's lawsuit be time-barred?
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, No. 22-1011, --F.4th--, 2022 WL 3335658, at *3 (6th Cir. Aug. 12, 2022).

In this case, the original Complaint was filed in state court on August 21, 2021. One full year has now elapsed and Defendants have not yet been properly

---

[1] Plaintiff served Defendants only by regular U.S. mail.

served. This is well beyond the 90-day time limit set forth in Fed. R. Civ. P. 4(m). Moreover, although Plaintiff was alerted to this deficiency no later than October 26, 2021, when Defendant Synchrony Bank filed its Opposition to Plaintiff's Objection to Removal, Doc. #9, he has made no effort to obtain proper service. These factors weigh against granting an extension of time.

Nevertheless, Defendant Synchrony Bank has actual notice of the lawsuit and it does not appear that a 60-day extension of time would prejudice Synchrony Bank or any of the other defendants. Moreover, Plaintiff is *pro se* and has actively litigated this case from the time it was removed to federal court one year ago. In addition, it appears that outright dismissal of his state law claims would substantially prejudice him given that some of those claims could now be time-barred. *See, e.g.*, Ohio Rev. Code § 1345.10(c) (establishing 2-year statute of limitations for OCSPA claims). Under the circumstances presented here, the Court finds that Plaintiff's request for an extension of time to perfect service should be granted.

Accordingly, the Court REJECTS the Second Supplemental Report and Recommendations, Doc. #39, and SUSTAINS Plaintiff's Motion for Extension of Time to Serve Complaint, Doc. #35. Plaintiff shall have 60 days from the date of this Decision and Entry to perfect service on Defendants, following remand to state court.

To the extent that Defendant Synchrony's Motion to Dismiss, Doc. #11, seeks dismissal based on insufficient service of process and lack of personal

5

jurisdiction, the Court OVERRULES that motion. As explained below, however, this Court does not reach Defendant's arguments concerning the merits of Plaintiff's claims, but rather remands the case to state court.

*Motion to Remand*

To the extent that Plaintiff's state law claims arise from the same case or controversy that gave rise to the one federal claim that Plaintiff voluntarily dismissed, the Court has supplemental jurisdiction over them. 28 U.S.C. § 1367(a). Under the circumstances presented here, however, the Court declines to exercise supplemental jurisdiction over those state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if federal claims are dismissed before trial, the state claims should be dismissed as well); 28 U.S.C. §1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

To the extent that Plaintiff argues, in his Objections, that the Court should decline to exercise supplemental jurisdiction over his state law claims, the Court SUSTAINS those Objections, Docs. ##31, 32, and SUSTAINS his Motion to Remand, Doc. #36. The Court REMANDS this case to the Montgomery County Court of Common Pleas for consideration of the state law claims.

*Disqualification of Counsel*

Magistrate Judge Merz initially denied Plaintiff's Motion to Resolve Attorney-Client Conflict, which Magistrate Judge Merz interpreted as a motion to disqualify Michael Columbus, counsel for Synchrony Bank. *See* Doc. #26. However, when Plaintiff filed Objections to that Order, Doc. #30, Magistrate Judge Merz recommended that the Court postpone ruling on those Objections until it decided where the case would be litigated. *See* Doc. #34. The Court concurs with that recommendation, and leaves this issue to be resolved by the state court.

Accordingly, the Court makes no determination concerning whether Synchrony's counsel, Michael Columbus, should be disqualified for his alleged conflict of interest. *See* Doc. #16. This issue may be resolved by the state court on remand.

Having ordered that the captioned case be remanded to the Montgomery County Court of Common Pleas, the case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 27, 2022

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE